UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HADASSAH FEINBERG, | : | **1:23-CV-02165** |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| MARCIE SMTH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HADASSAH FEINBERG, | : | **1:24-CV-00706** |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| FRANCIS CHARDO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>
May 2, 2024

**I.  Introduction.**

Because, as discussed below, the above-captioned actions present common questions of fact and law and because it is in the interests of justice to do so, we will consolidate these actions.  We will also grant Plaintiff Hadassah Feinberg leave to file an amended complaint.

## II.  The above-captioned actions will be consolidated.

On December 29, 2023, Feinberg filed a complaint in the action captioned *Feinberg v. Smith*, 1:23-cv-02165 (M.D. Pa.) ("*Feinberg I*") (*doc. 1*).  She also filed an application to proceed *in forma pauperis*, which we granted. *Id*. at *docs. 2, 5*.  After counsel entered appearances for the defendants in that case, we held a conference call with the parties, after which we ordered, among other things, that Feinberg file an amended complaint. *Id*. at *doc. 27*.  On April 22, 2024, Feinberg filed an amended complaint along with voluminous exhibits. *Id*. at *docs. 28, 29*.

On April 25, 2024, Feinberg filed a complaint in the action captioned *Feinberg v. Chardo*, 1:24-cv-00706 (M.D. Pa.) ("*Feinberg II*") (*doc. 1*).  She also filed an application to proceed *in forma pauperis* as well as voluminous exhibits. *Id*. at docs. 2, 4.   The next day—April 26, 2024—she filed a motion to amend the complaint. *Id*. at *doc. 6*.  She also filed that same motion to amend in *Feinberg I*, apparently in error.

The amended complaint in *Feinberg I* and the complaint in *Feinberg II* overlap.  They both arise from the same basic facts, and they both contain the same claims, albeit in a slightly different order.[1]  The cases differ, however, with respect to the named defendants.  While the caption of the amended complaint in

---

[1] For example, whereas Count I in *Feinberg II* is based on the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*., in *Feinberg I*, it is Count VII that is based on RICO.

*Feinberg I* lists eight defendants, the caption of the complaint in *Feinberg II* lists 54 defendants.  Nevertheless, there is overlap.  The complaint in *Feinberg II* names all the defendants named in *Feinberg I*.  Feinberg's filings raise the question of why she filed two separate actions.

The court may consolidate actions if they "involve a common question of law of fact[.]" Fed. R. Civ. P. 42(a)(2).  "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933); *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 913 (3d Cir. 1999) ("[T]he consolidation order did not result in the joinder of the defendants in the second action to the first action; rather each action retained its own separate identity.").  The court may consolidate actions "on motion of a party or *sua sponte." Brown v. City of Shamokin Police Dep't*, No. 4:21-CV-01992, 2022 WL 2441557, at *1 (M.D. Pa. July 5, 2022).  When considering whether to consolidate, "the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." *Gambino v. Warden, FCI-Schuylkill*, No. CV 19-0249, 2019 WL 2005627, at *1 (M.D. Pa. May 7, 2019).  "District courts enjoy

substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018).

Here, given that both *Feinberg I* and *Feinberg II* arise from the same common core of operative facts and rely on the same theories of recovery, we conclude that there are common questions of law and fact. Further, given that both cases are at the early stages of the proceedings, consolidation would not prejudice the parties. And given the substantial overlap involving the two cases, it would be more efficient to litigate the cases together. In sum, because it is in the interests of justice to do so, we will consolidate the later-filed case—*Feinberg II*—into the earlier-filed case—*Feinberg I*.

## III. We will grant Feinberg leave to amend.

We will grant Feinberg's motion for leave to amend, and we will order that she may file a second amended complaint in *Feinberg I* that includes all her claims in both *Feinberg I* and *Feinberg II*. Because Feinberg is proceeding pro se, we will briefly set forth some standards that she should be aware of when filing a second amended complaint.

**Feinberg may represent herself pro se, but she may not represent others.**

At the outset, we note that although Feinberg may represent herself in this case, she may not represent others, including her minor children.  28 U.S.C.A. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  That statute "ensures that a person may conduct his or her own case pro se or retain counsel to do so." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018).  "Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Id.*  Thus, "a parent who is not an attorney must be represented by legal counsel in bringing an action on behalf of his or her minor children." *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 878 (3d Cir. 1991).  Accordingly, Feinberg, who is not an attorney, may represent herself, but she may not represent others, including her minor children.

**General Standards.**

Feinberg's second amended complaint must be titled as a second amended complaint and must contain the docket number of *Feinberg I*.  "[A]ny [second] amended complaint must be complete in all respects." *Young v. Keohane*, 809 F.

5

Supp. 1185, 1198 (M.D. Pa. 1992).  "It must be a new pleading which stands by

itself as an adequate complaint without reference to the complaint already filed."

*Id*.  "In general, an amended pleading supersedes the original pleading and renders

the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d

Cir. 2019).  "Thus, the most recently filed amended complaint becomes the

operative pleading." *Id*.  In other words, if a second amended complaint is filed,

the original and amended complaints will have no role in the future litigation of

this case.

### Federal Rule of Civil Procedure 8.

The second amended complaint must comply with the pleading requirements

of Fed. R. Civ. P. 8.  "Pleadings must be construed so as to do justice." Fed. R.

Civ. P. 8(e).  "This already liberal standard is 'even more pronounced' where a

plaintiff files the complaint without the assistance of counsel." *Garrett*, 938 F.3d at

92 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "[A] court must make

reasonable allowances to protect pro se litigants from the inadvertent forfeiture of

important rights due merely to their lack of legal training." *Id*.  Thus, "[c]ourts are

more forgiving of pro se litigants for filing relatively unorganized or somewhat

lengthy complaints." *Id*.

Nevertheless, a pro se complaint still must comply with the basic pleading

requirements of Rule 8.  Federal Rule of Civil Procedure 8 requires, among other

6

things, that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief"; and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1), 8(a)(2), 8(a)(3).  Rule 8 also requires that each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93).

When reviewing a reviewing whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P.

8(a)(2)).  The statement required by Rule 8(a)(2) must give the defendant fair

notice of the nature of the plaintiff's claim and of the grounds upon which the

claim rests. *Erickson*, 551 U.S. at 93.  Detailed factual allegations are not required,

but more is required than "labels," "conclusions," or "a formulaic recitation of the

elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)*.*  "In other words, a complaint must do more than allege the plaintiff's

entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir.

2009).  "A complaint has to 'show' such an entitlement with its facts." *Id.*

    In considering whether a complaint fails to state a claim upon which relief

can be granted, the court "'must accept all facts alleged in the complaint as true

and construe the complaint in the light most favorable to the nonmoving party.'"

*Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v.*

*Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)).  But a court "need not credit a

complaint's bald assertions or legal conclusions when deciding a motion to

dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  A

court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff

has not alleged." *Associated Gen. Contractors of Cal. v. California State Council*

*of Carpenters,* 459 U.S. 519, 526 (1983).

    Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more

than mere legal labels and conclusions.  Rather, it must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation.  In practice, consideration of the legal sufficiency of a complaint

entails a three-step analysis:

> First, the court must "tak[e] note of the elements a
> plaintiff must plead to state a claim."  Second, the court should
> identify allegations that, "because they are no more than
> conclusions, are not entitled to the assumption of truth."
> Finally, "where there are well-pleaded factual allegations, a
> court should assume their veracity and then determine whether
> they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and

citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

### Federal Rule of Civil Procedure 10.

The second amended complaint must also comply with Fed. R. Civ. P. 10,

which provides, among other things, that "[a] party must state its claims or

defenses in numbered paragraphs, each limited as far as practicable to a single set

of circumstances." Fed. R. Civ. P. 10(b).  And to the extent it would promote

clarity to do so, "each claim founded on a separate transaction or occurrence . . .

must be stated in a separate count." *Id*.

Further, Fed. R. Civ. P. 10(c) provides that "[a] copy of a written instrument

that is an exhibit to a pleading is a part of the pleading for all purposes."  But not

every document is a "written instrument" under Fed. R. Civ. P. 10(c). *See Rose v.*

*Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989) (concluding that an affidavit is not a "written instrument" under Rule 10(c)); *J.B. Hunt Transp., Inc. v. Liverpool Trucking Co.*, 1:11-CV-1751, 2013 WL 3208586, at *3 n.4 (M.D. Pa. June 24, 2013) (refusing to consider deposition transcripts attached to the plaintiff's motion for leave to amend and referenced in the proposed third amended complaint). Rather, written instruments under Rule 10(c) "consist largely of documentary evidence, specifically, contracts, notes, and other '"writing[s] on which [a party's] action or defense is based.'" *Rose*, 871 F.2d at 339 n.3 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1327, at 489). "Furthermore, a 'written instrument' may be characterized as a 'legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate.'" *Calpin v. Lackawanna Cty.*, 3:16-CV-2013, 2017 WL 590277, at *5 (M.D. Pa. Feb. 14, 2017) (quoting *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015)). Thus, "[e]xhibits solely containing evidentiary matter . . . are not considered 'written instruments' under Rule 10(c) and are typically excluded from consideration of the pleadings." *J.B. Hunt,* 2013 WL 3208586, at *3 n.4. Accordingly, "'[l]engthy exhibits containing . . . evidentiary matter should not be attached to the pleadings.'" *Rose*, 871 F.2d at 339 n.3 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1327, at 489).

10

**Federal Rule of Civil Procedure 11.**

The second amended complaint must also comply with Fed. R. Civ. P. 11(a), which provides that "[e]very pleading, written motion, and other paper must be signed by a least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."  Rule 11(a) also requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

By signing a pleading, such as a complaint, a party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  And a party who violates Rule 11(b) may be subject to sanctions. *See* Fed. R. Civ. P. 11(c).

**Official Capacity Claims.**

In her amended complaint in *Feinberg I* and her complaint in *Feinberg II*, Feinberg names defendants in their official capacities.  Public officials are sometimes sued in their official capacities, sometimes sued in their personal (also called individual) capacities,[2] and sometimes sued in both their official and personal capacities.  Official-capacity suits are "only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978).  In an official-capacity suit, the entity of which the officer is an agent is the real party in interest. *Graham*, 473 U.S. at 166.  Thus, when a party is sued in his or her official capacity, the claim is against the entity and is subject to the pleading standards applicable to such entity and the immunities of such entity. *See e.g. Kane v. Chester Cnty.*, 811 F. App'x 65, 72 n.7 (3d Cir. 2020) (noting that "[a] suit against a County official 'in his or her official capacity is not a suit against the official but rather is a suit against the official's office' and 'is no different than a suit against the [County] itself'" and concluding that because the plaintiff failed to plausibly allege a violation against the County under *Monell*, his official capacity claims failed as well) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Kovalchuk v. Smith*, No.

---

[2] "Personal-capacity actions are sometimes referred to as individual-capacity actions." *Kentucky v. Graham*, 473 U.S. 159, 165 n.10 (1985).

12

1:23-CV-00834, 2023 WL 6143501, at *3 (M.D. Pa. Sept. 20, 2023) ("Because Judge Smith is a state official, as a judge of the Cumberland County Court of Common Pleas, the 42 U.S.C. § 1983 claims against him in his official capacity is really a claim against the Commonwealth and, as such, is barred by the Eleventh Amendment.").

### III.  Order.

Based on the foregoing, **IT IS ORDERED** that the above-captioned cases are consolidated for all purposes.  The Clerk of Court is directed to consolidate *Feinberg v. Chardo*, 1:24-cv-00706 (M.D. Pa.) into *Feinberg v. Smith*, 1:23-cv-02165 (M.D. Pa.), and to then close *Feinberg v. Chardo*, 1:24-cv-00706 (M.D. Pa.).  **IT IS ORDERED** that all future documents shall be filed in *Feinberg v. Smith*, 1:23-cv-02165 (M.D. Pa.).

**IT IS FURTHER ORDERED** that Feinberg's motion (*doc. 31* in 1:23-cv-02165 and *doc. 6* in 1:24-cv-00706) for leave to amend is **GRANTED** to the extent that Feinberg is granted leave to file, on or before **May 31, 2024**, a second amended complaint in *Feinberg v. Smith*, 1:23-cv-02165 (M.D. Pa.) in accordance with this Order.  Given the consolidation of the cases and given that Feinberg has already been granted leave to proceed *in forma pauperis* in *Feinberg v. Smith*, 1:23-cv-02165 (M.D. Pa.), **IT IS FURTHER ORDERED** that Feinberg's

application to proceed *in forma pauperis* (*doc. 2*) in *Feinberg v. Chardo*, 1:24-cv-00706 (M.D. Pa.) is **DISMISSED** as moot.

<u>**S/Susan E. Schwab**</u>
Susan E. Schwab
United States Magistrate Judge